UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WAYNE PHILLIP VANCE,

                                   Petitioner,

      v.

PEOPLE OF THE STATE OF NEW YORK,

                                   Respondent.

_____

DECISION AND ORDER

18-CV-6560L

      Petitioner, Wayne Phillip Vance ("Vance") has filed a Petition for habeas corpus pursuant to 28 U.S.C. § 2254. The Petition is denied.

      On December 28, 2011, Frederick Gelsey was shot and murdered at 69 Briscoe Avenue, Buffalo, New York. A cousin of the victim testified before the grand jury that he was present at the scene and saw the defendant, Vance, shoot and kill Gelsey. A Buffalo police officer also testified that when he arrived at the murder scene, the defendant was still there holding a firearm. (Memorandum and Order denying defendant's N.Y. C.P.L. 440.10 motion, Pietruszka, J., p. 8).

      Vance was indicted and charged with Murder in the Second Degree (N.Y. Penal Law § 125.25) and Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law §§ 265.03, 265.02).

      Several months after being charged, pursuant to plea negotiations, Vance pleaded guilty to Manslaughter in the First Degree in full satisfaction of the Indictment. There was a sentencing promise by the presiding judge to impose a term of imprisonment of between 23-25 years to be

followed by a 5-year period of post-release supervision.  On November 13, 2012, that sentence was imposed by the Court.  No appeal was filed from that judgment.

Over three years after imposition of the sentence, Vance filed a post-conviction motion under Section 440.10 of the New York Criminal Procedure Law (C.P.L.) on March 3, 2016.  Vance claimed that his conviction should be vacated.  He contended that the Indictment was defective; that there was misrepresentation and fraud before the grand jury; and, that his trial counsel provided ineffective assistance of counsel.

In a Memorandum and Order dated September 23, 2016, Judge Michael Pietruszka denied the C.P.L. § 440 motion.  The Court found that the defendant had failed to appeal from the judgment as to several matters and, as to those matters, defendant is precluded from raising them initially in a C.P.L. § 440 motion.  The Court also, on the merits, determined that none of Vance's arguments had any merit and that Vance had failed to demonstrate that his trial counsel provided ineffective assistance of counsel.

The Appellate Division, Fourth Department, denied Vance leave to appeal and the New York State Court of Appeals also dismissed Vance's leave applications as unappealable pursuant to C.P.L. § 450.90(1).  (Respondent's Memorandum of Law (Dkt. #12, pp. 2-3)).

For several reasons, the Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is denied in all respects.  Petitioner has failed to demonstrate that he suffered any violation of a federal constitutional right.

## **DISCUSSION**

**State Law Claims**

Petitioner raises several claims concerning alleged defects in the Indictment; issues before the grand jury; the unconstitutionality of the weapons charge and related matters. For several reasons, these claims lack merit and provide no basis for federal habeas corpus relief. First of all, it is well established that a Petitioner such as Vance must exhaust all available state judicial remedies before seeking federal judicial review under Section 2254. Here Petitioner has failed to meet this exhaustion requirement because he failed to present these claims to the state court as federal constitutional violations. Therefore, these claims must be denied. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), *cert. denied*, 464 U.S. 1048 (1984).

In addition, this is a case where Vance pleaded guilty pursuant to a plea agreement. Such a plea generally constitutes a waiver of all issues and defects. Therefore, the claims raised by Petitioner should be denied on that basis as well in light of the guilty plea.

Next, dismissal of these claims is warranted, as pointed out by Respondent in its Memorandum of Law (Dkt. #12, p. 5), because the claims raised here were decided by state courts on independent state law grounds: specifically, that Vance violated a state procedural rule. Each of the issues could have been raised on direct appeal, but were not. Therefore, these claims may not be raised in a C.P.L. § 440 motion, or in the federal habeas corpus proceeding either. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Aparicio v. Ortiz*, 269 F.3d 78, 92-93 (2d Cir. 2001).

In sum, many of the matters raised by Vance are state law issues which raise no federal constitutional issue whatsoever and Vance procedurally defaulted concerning those matters. And

in any event, Vance failed to exhaust available state court remedies, and may not pursue those claims in a habeas corpus petition.

**<u>Ineffective Assistance of Counsel</u>**

Petitioner's remaining claim is that he received ineffective assistance of trial counsel. This claim lacks merit. Petitioner has failed to demonstrate that he was denied effective assistance of counsel under the Sixth Amendment of the Constitution. To make such a showing, a defendant must meet the stringent requirements established by the United States Supreme Court in *Stickland v. Washington*, 466 U.S. 668, 694 (1984). Petitioner has the burden of establishing that counsel's representation fell below an objective standard of reasonableness and that he suffered some demonstrable prejudice. Petitioner here can meet neither prong of that two-part test. Furthermore, counsel is strongly presumed to have provided effective assistance of counsel.

Petitioner now raises some issues about the plea and the plea proceedings on July 20, 2012. A review of the transcript of that proceeding and the sentencing which followed several months later, demonstrate that Petitioner's claims are without merit.

Defendant Vance, his attorney and the prosecutor appeared several times before the County Court relating to discovery issues and preparation for trial. On June 19, 2012, defendant's attorney, Carey Cantwell, and the prosecutor advised the Court that they were in the process of discussing a reduced plea to manslaughter. The prosecutor represented that he had provided counsel with copies of the grand jury minutes "to facilitate discussions" with the defendant. (Transcript of June 19, 2012, pp. 2-3 (Exhibit I) to state court record).

Several weeks later, on July 20, 2012, the parties again appeared before the County Court and the Petitioner entered a plea to Manslaughter in the First Degree. The proposed plea provided

for a minimum sentence of 23 years, maximum of 25 years, together with 5 years of post-release supervision. According to defense counsel, it was his client's understanding that he would receive a 23-years sentence and also that defendant would waive his right to appeal from the sentence and judgment. (Transcript of Plea, July 20, 2012, pp. 1-4 (Exhibit J) to state court record).

At the plea, the trial court had an extensive discussion with the defendant about all his rights, including his right to a trial, and to confront witnesses. Vance repeatedly confirmed his understanding of the plea agreement and charges and, in fact, was given additional time to discuss matters with his trial counsel. There was some apparent confusion as to whether the sentence could be more than 23 years, but it is clear that defendant expected a 23-year term of imprisonment and his lawyer so advised the Court at the time of the plea. The judge also appeared to acknowledge that fact and, as later events proved, the judge did impose the 23-year sentence. Petitioner also acknowledged that he was giving up the right to appeal the sentence and judgment. (Plea Proceedings, July 20, 2012, pp. 1-14).

Defendant appeared for sentencing on November 13, 2012. At that time the parties discussed a *pro se* motion filed by Vance seeking to withdraw his plea. A recess was taken, however, and after discussing the matter with his lawyer, Vance stood before the court and withdrew the motion. At the time of the plea, of course, Petitioner had stated his satisfaction with the legal advice and assistance given to him by his experienced trial counsel.

In light of this record, it is clear that Vance has failed to establish what is required to support a claim of ineffective assistance of counsel in a petition for habeas corpus relief. Vance was facing a most serious charge: Murder in the Second Degree, for which he could have received a maximum term of life imprisonment. The People's case seemed quite strong with eyewitness testimony and the fact that the defendant was arrested at the scene, struggled with the police, and possessed the

5

murder weapon. The reduced plea benefited Vance. In a careful plea colloquy, he clearly stated that he understood his rights, agreed to waive those right, and plead guilty to the lesser manslaughter charge.

Vance has failed to demonstrate any prejudice. There is no indication that defendant wished to proceed to trial with the strong evidence against him and his seasoned attorney worked out the best plea as possible.

Vance has failed to meet either prong of the test required under *Strickland*: that his lawyer's representation fell below an objective standard of reasonableness and that because of that, Vance was prejudiced.

A New York State court considered Petitioner's ineffective assistance of counsel claim in his C.P.L. § 440 motion. Plaintiff has failed to establish that the state court misinterpreted the application of federal law concerning such claims.

## **CONCLUSION**

For all the reasons stated above, there is no basis to grant habeas corpus relief, pursuant to 28 U.S.C. § 2254, in this case. Therefore, the Petition for writ of habeas corpus (Dkt. #1) is DENIED.

The Court also denies issuance of a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of any federal constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 7, 2019.